IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DOROTHY N. OLLIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:06-CV-69 |
| | § | |
| PLANO INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION & ORDER GRANTING
IN PART DEFENDANT'S MOTION TO DISMISS**

Before the court are "Plano Independent School District's Motion to Dismiss for Plaintiff's Failure to State a Claim" ("Motion") (docket entry #4), "Plaintiff's Response to Defendant's Motion to Dismiss for Failure to State a Claim" ("Response") (docket entry #9), and "Plano Independent School District's Reply to Plaintiff's Response to Defendant's Motion to Dismiss for Plaintiff's Failure to State a Claim" ("Reply") (docket entry #11). Having considered the motion, response, reply and applicable law, the court is of the opinion that the motion should be granted in part.

BACKGROUND

Dorothy Ollie ("Ollie") brought suit against the Plano Independent School District ("PISD") alleging that she suffered from race and age discrimination, a hostile work environment, substantive due process and equal protection violations, and employment retaliation at the hands of PISD. Motion, ¶ 2. Ollie also alleges intentional infliction of emotional distress and breach of contract against PISD. *Id.* PISD has moved to dismiss all of Ollie's claims and to bar recovery of punitive damages. *Id.* at ¶¶ 3, 38.

Ollie, a 59-year-old African-American female, began working for PISD in 1998 and is currently employed by PISD as an elementary school teacher. Compl. ¶ 2.01. In her complaint, Ollie contends that she was "openly harassed and retaliated against" by her supervisors and co-workers on the basis of her race and age, stating that she was removed from a higher level teaching assignment because of her age, retaliated against for filing a complaint with the Texas Education Agency ("TEA"), and scrutinized and counseled without cause on a consistent basis. *Id.* at ¶ 2.03. As examples of such discrimination and retaliation, Ollie states that she was assigned a greater number of at-risk youth students compared to non-minority teachers, which reduced the average test scores for her classes, and also that PISD removed her leadership stipend without notice. *Id.* Further, Ollie claims that she was removed from her fifth grade lead position because of her age. *Id.* at ¶ 7.05. She also contends that any complaints she made regarding this behavior were either not responded to or were responded to with retaliation. *Id.* at ¶¶ 2.03, 3.05-07. While Ollie does not provide any specific dates for the occurrences in her complaint, she did file a charge with the Equal Employment Opportunity Commission ("EEOC"). On the charge, Ollie checked the boxes marked "RACE" and "AGE" under the "DISCRIMINATION BASED ON" section. In the area where she had to state the particulars of her complaint, however, she stated not only that she was discriminated against based upon race and age but also that she was retaliated against for filing a grievance and retaliated against in violation of Title VII. Motion, Ex. A.

Ollie bases her substantive due process and equal protection violations claims on PISD's willful and intentional discriminatory conduct. As to the intentional infliction of emotional distress complaint, Ollie claims that PISD employees verbally assaulted her, conspired to discredit her reputation as an educator, and ignored her complaints of verbal assault. *Id.* at ¶ 6.02. As to the

breach of contract claim, Ollie alleges that PISD was to notify her of any reduction in her pay and failed to do so when her leadership stipend was revoked and also that her efforts to perform her contractual duties to PISD have been "purposely frustrated" by PISD and its agents. *Id.* at ¶¶ 8.01-.02.

PISD contends that each of Ollie's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for one or more of the following reasons: (1) immunity bars the claim; (2) Ollie has failed to exhaust administrative remedies; or (3) Ollie has not, and cannot, plead any facts to satisfy at least one essential element of the claim. PISD also moved to bar Ollie's recovery of any punitive damages.

## LEGAL STANDARD

Motions to dismiss under Rule 12(b)(6) are disfavored and are rarely granted. *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004). An order granting a Rule 12(b)(6) motion to dismiss is "appropriate where 'it appears beyond doubt that the plaintiff can provide no set of facts in support of his claim which would entitle him to relief.'" *Bauer v. Texas*, 341 F.3d 352, 356 (5th Cir. 2003) (citing *Conley v. Gibson,* 355 U.S. 41 (1957)). "In making this determination, the court accepts as true all allegations contained in the plaintiff's complaint and all reasonable inferences are to be drawn in favor of the plaintiff's claims." *Id*. (citing *Kaiser Aluminum & Chem. Sales Inc. v. Avondale Shipyards*, *Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982)).

## DISCUSSION AND ANALYSIS

PISD argues that all of Ollie's claims should be dismissed. Ollie, however, has only responded to some of PISD's arguments, failing to respond to PISD's arguments to (1) dismiss the substantive due process and equal protection violations claims; (2) dismiss the breach of contract

claim; and (3) bar Ollie's recovery of punitive damages.

A.   Discrimination, Hostile Work Environment and Retaliation

PISD advances two arguments as to why Ollie's discrimination, hostile work environment and retaliation claims should be dismissed. First, PISD argues that Ollie failed to exhaust her administrative remedies because she did not state sufficient allegations or check the correct boxes on her EEOC charge and because some claims might be time barred. Motion, ¶¶ 10-14. Second, PISD argues as to each claim that Ollie has not stated a claim upon which relief can be granted because she did not sufficiently plead facts to support a prima facie case. Motion, ¶¶ 21-24, 31-33, 35-36. The court rejects both of PISD's arguments.

The filing of an EEOC charge is a prerequisite to bringing a Title VII action. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir. 1970); *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995). The scope of a Title VII lawsuit is limited to the allegations made in the EEOC charge and any claims that could reasonably be expected to grow out of it. *Fine v. GAF Chemical Corp.*, 995 F.2d 576, 578 (5th Cir. 1993). If, by looking to either the factual allegations or the checked boxes, a specific type of discrimination claim could reasonably be expected to grow out of the allegations in an EEOC charge, then the plaintiff has exhausted her administrative remedies. *See Briggs v. DART Regional Rail Right of Way Co.*, 2005 WL 3133505 (Nov. 23, 2005 N.D. Tex.). The Fifth Circuit has stated that "the crucial element of a charge of discrimination is the factual statement contained therein." *Sanchez*, 431 F.2d at 462.[1] Here, Ollie checked the boxes labeled "RACE" and

---

[1] The court also held that the failure to place a check mark in the correct box is not a fatal error. *Sanchez*, 431 F.3d at 463. While this court realizes that *Sanchez* involves an unrepresented layperson filing an EEOC charge, the court in *Sanchez* did not limit its holding to such a situation, stating "no one ... should be boxed out." *Id.*

"AGE" under the "DISCRIMINATION BASED ON" section of the EEOC charge.[2] In the narrative section, Ollie states that she was harassed by receiving a majority of low-achieving students, by receiving a "below expectations" performance evaluation, and by co-workers who were allowed to address her in hostile tones. She also specifically states that "[i]n retaliation" for filing a grievance, she was denied hearings and later specifically states that she was "retaliated against." From this information, the discrimination, hostile work environment and retaliation claims could reasonably be expected to grow out of the allegations in her EEOC charge. Therefore, she exhausted her administrative remedies as to these claims.

Ollie was required to file her charge of discrimination with the EEOC within 300 days of the discriminatory acts. *See Mennor v. Fort Hood Nat'l Bank*, 829 F.2d 553, 555 (5th Cir. 1987); 42 U.S.C. §2000e-5(e)(1) (2003). She filed her complaint on January 20, 2005 and states that the discriminatory acts she complains of began on August 3, 2004, and went through January 14, 2005, all within the 300-day limit. Liberally construing Ollie's pleadings as true and viewing them in the light most favorable to her, the court concludes that any discriminatory actions occurred within the requisite time period. As to PISD's request that Ollie be instructed to replead her complaint with specific dates, the information PISD seeks will be fleshed out during the discovery process. The court finds that Ollie has met the requirements of Federal Rule of Civil Procedure 8(a).

PISD next argues that Ollie has not stated a claim upon which relief could granted as to the discrimination, hostile work environment and retaliation claims because she did not sufficiently

---

[2] The Fifth Circuit allows the court to rely upon documents which are attached to a motion to dismiss if they are referenced in the complaint and are central to the plaintiff's claim. *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). This is especially true where, as here, the plaintiff does not object to the district court's consideration of the documents. *See Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

plead facts to support a prima facie case for each claim. A plaintiff is not required to make out a prima facie case of discrimination in order to survive a motion to dismiss. *Carlisle v. McCoco Pension Trust*, 2005 WL 742901, *4 (Mar. 31, 2005 N.D. Tex.) (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 511-12 (2002)). The plaintiff only needs to plead facts sufficient to inform the defendant of the claims the plaintiff intends to pursue. *Id.* (citing *Swierkiewicz*, 534 U.S. at 514). Therefore, the court finds PISD's argument to be without merit. Further, PISD has conceded that Ollie pleaded facts that set forth the details on some elements of each claim. Also, the pleadings make clear what claims Ollie intends to pursue, even if the facts are not fully fleshed out. As such, the court denies the motion to dismiss as to Ollie's race and age discrimination, hostile work environment, and retaliation claims.[3]

B.   Intentional Infliction of Emotional Distress

PISD argues that the school district is immune from all state law intentional torts, except those involving a motor vehicle, and therefore the claim must be dismissed. Under Texas law, the definition of governmental unit includes school districts. TEX. CIV. PRAC. & REM. CODE § 101.001(3)(B) (Vernon 2006). Further, the Texas Civil Practice and Remedies Code exempts school districts from liability for all intentional torts except those involving motor vehicles. *See id.* §§ 101.021, 101.051; *Watson v. Dallas Indep. Sch. Dist.*, 135 S.W.3d 208, 222 (Tex. App.–Waco 2004, no pet.). Ollie responds that while school districts may be immune, individual employees acting

---

[3] PISD also continuously states that Ollie did not allege that she suffered an adverse employment decision because none of the acts which have occurred meet the definition of ultimate employment decision. The court must disagree as the law regarding what constitutes an ultimate employment decision was recently clarified by the United States Supreme Court. *See Burlington N. & Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405 (2006) (publication pending). An adverse employment decision is one that "a reasonable employee would have found ... materially adverse,'which in this context means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Id.* at 2415 (quoting *Rochon v. Gonzalez*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)).

outside of the course and scope of their employment are not immune, and therefore, her claims as to individual employees should not be dismissed. While that may be true, Ollie did not bring claims against any defendants other than PISD.

If an affirmative defense or other barred relief is apparent from the face of a complaint, then a motion to dismiss under Rule 12(b)(6) should be granted. *Ambulatory Infusion Therapy Specialists, Inc. v. Aetna Life Ins. Co.*, 2006 WL 2521411, *3 (Aug. 29, 2006 S.D. Tex.); *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994). *See also Jones v. Bock*, 127 S. Ct. 910, 920-21 (2007) (publication pending) (referencing several cases which state that dismissal is appropriate if claim is barred on the face of the complaint). Ollie clearly states in her complaint that PISD is a "local governmental entity." Compl. ¶ 1.02. Under Texas law, school districts are immune from all torts except those involving motor vehicles. Ollie identifies PISD as a governmental entity and a school district in her complaint, and this fact taken as true indicates that an affirmative defense of immunity exists on the face of the complaint. Therefore, the court finds that dismissal is proper.

C.     Breach of Contract and Substantive Due Process and Equal Protection Violations

Ollie did not respond to PISD's motion to dismiss the breach of contract claim or the substantive due process and equal protection violations claims or to the punitive damages argument. Under Local Rule CV-7(d), if a party fails to properly oppose a motion, then the court will assume that the party has no opposition. E.D. TEX. LOCAL R. CV-7(d). In its response, PISD put Ollie on notice of her failure to respond to PISD's arguments against these claims, and Ollie nonetheless still failed to respond. As such, pursuant to Local Rule CV-7(d), the court hereby grants PISD's motion to dismiss Ollie's breach of contract and substantive due process and equal protection violations

claims.[4] Additionally, Ollie is barred from seeking punitive damages on her remaining claims.

## CONCLUSION

Upon consideration of the motion, response, reply and applicable law, the court orders "Plano Independent School District's Motion to Dismiss for Plaintiff's Failure to State a Claim" (docket entry #4) is **DENIED IN PART and GRANTED IN PART.** The motion is **DENIED** as to the race and age discrimination claims, the hostile work environment claim, and the retaliation claim. The motion is **GRANTED** as to the breach of contract claim, substantive due process and equal protection violations claims, and intentional infliction of emotional distress claim and those claims are **DISMISSED WITH PREJUDICE**. Finally, Ollie is barred from seeking punitive damages on any remaining claims.

**SIGNED this the 27th day of March, 2007.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[4] The court also found PISD's arguments on these claims to be persuasive.