IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DOROTHY N. OLLIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:06-CV-69 |
| | § | |
| PLANO INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## ORDER

The following motions and responses are before the court:

1. Plano Independent School District's Objections to Plaintiff's Expert Witness and Motion to Strike (de #15);

2. Plaintiff's Response to Defendant's Objection to Plaintiff's Expert Witness and Motion to Strike (de #16);

3. Plaintiff's Motion to Compel Discovery Responses and Brief in Support (de #20);

4. Plano Independent School District's Response to Plaintiff's Motion to Compel Discovery Responses (de #21); and

5. Plano Independent School District's Motion for Protective Order (de #23).

Having considered the motions, responses, and applicable law, the court makes the following rulings.

### DEFENDANT'S MOTION TO STRIKE AND OBJECTIONS TO PLAINTIFF'S EXPERT WITNESS

Defendant Plano Independent School District ("Defendant") moved to strike Plaintiff Dorothy Ollie's ("Plaintiff") expert on attorneys' fees, Jerry Hicks, because he was untimely designated and because neither his experience and qualifications nor billing rates, fee agreements, fee statement or other opinions were provided. Plaintiff responded that the expert had not yet

prepared a report or formed any opinions and pointed out that Plaintiff offered to provide qualifications and experience upon request. Plaintiff acknowledged the tardiness of her designation but also noted Defendant's failure to file the required certificate of conference with its motion.

Courts have treated the designation of attorney's fee experts differently from other experts because an attorney representing a party against whom attorney's fees are sought should not be surprised by opposing counsel attempting to prove his attorney's fees through his own expert testimony. *Wright v. Bythe-Nelson*, 2001 WL 804529, *6 (July 10, 2001 N.D. Tex.). Additionally, because the attorneys themselves are experts on the subject-matter, it is rare for an attorney to challenge another attorney's designation as an expert. *See id.* Moreover, the court notes that following the unsuccessful settlement attempt in this case, the court on July 10, 2007, entered a new scheduling order, which was agreed to by the parties. Under this new scheduling order, the Plaintiff's designation of an expert on attorneys' fees is no longer untimely. As a result, the Defendant's motion to strike is moot. Therefore, the court is of the opinion that the motion to strike Plaintiff's expert on attorneys' fees should be denied as moot. The court does, however, order the Plaintiff to provide to the Defendant any information that is required under Federal Rule of Civil Procedure 26(a)(2) by the January 4, 2008 deadline in the July 10, 2007 scheduling order.

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff moved for the court to order Defendant to produce discovery. Defendant objected to each of the Plaintiff's interrogatories as premature because the court had not, at that time, ruled upon the Defendant's motion to dismiss. On March 28, 2007, the court ruled upon the motion to dismiss and dismissed all claims except the Title VII and ADEA claims. Thereafter, the parties settled these remaining claims. A dispute arose, however, regarding the terms and enforceability of

the settlement agreement. The parties asked the court to rule on the agreement's enforceability, and the court ruled that the agreement was valid as to the Title VII claims but not as to the ADEA claims. The parties are re-mediating the case in order to see if they can come to terms on a full settlement agreement. In the meantime, the ADEA claims remain pending. Therefore, the court GRANTS the Plaintiff's motion to compel as to any discovery related to the ADEA claims.

### DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant filed a motion for a protective order in regard to depositions that were noticed for March 19, 2007. Defendant objected to these depositions because the prospective deponents were not available and also because its motion to dismiss had not yet been ruled upon. Plaintiff, however, failed to respond to Defendant's motion. Under Local Rule CV-7(d) if a party fails to oppose a motion as prescribed under the rule, the court will assume the party has no opposition to the motion. E.D. TEX. LOCAL R. CV-7(d). However, because the Defendant's objections to the depositions were based upon the fact that the motion to dismiss had not been ruled upon and the deponents were unavailable on the dates they were noticed for, and the motion has now been ruled upon, the court suggests that the parties to agree upon the terms and dates for the depositions of these witnesses, should their depositions still be necessary. The motion for protective order is therefore DENIED as moot.

### CONCLUSION

For the above reasons, Plano Independent School District's Objections to Plaintiff's Expert Witness and Motion to Strike (de #15) is hereby **DENIED** as moot but the Plaintiff is nonetheless **ORDERED** to provide the Defendant with any information that is required under Federal Rule of Civil Procedure 26(a)(2) by the deadline in the scheduling order. Plaintiff's Motion to Compel

Discovery Responses (de #20) is hereby **GRANTED** as to any requests that pertain to the Plaintiff's ADEA claims.  Finally, Plano Independent School District's Motion for Protective Order (de #23) is hereby **DENIED** as moot.

**SIGNED this the 10th day of August, 2007.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE