**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DOROTHY N. OLLIE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:06-cv-069 |
| | § | |
| PLANO INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING**
**DEFENDANT'S SECOND MOTION TO DISMISS**

Before the court are "Plano Independent School District's Second Motion to Dismiss for Plaintiff's Failure to State a Claim" (de # 40) and "Plaintiff's Response to Defendant's Second Motion to Dismiss for Failure to State a Claim" (de # 43). Having considered the Motion and the briefing responsive thereto, the court is of the opinion that the Motion should be DENIED.

## I. BACKGROUND

At issue in this lawsuit is Dorothy Ollie's claim under the Age Discrimination in Employment Act ("ADEA") against the Plano Independent School District ("PISD"). Ollie claims, among other actions taken against her, that, because of her age, PISD removed her "from her higher level of teaching assignment" and struck her "leadership stipend without verbal or written notice." (Pl.'s Orig. Compl. ¶ 2.03.) Ollie alleges that she was removed from her "5th grade lead position," and that PISD took efforts to undermine her teaching so as to force her into early retirement. (*Id.* at ¶ 7.05.)

In her Original Complaint, Ollie asserts causes of action for discrimination on the basis of race and retaliation under Title VII, violation of Section 1983, intentional infliction of emotional distress, breach of contract, and discrimination on the basis of age under the ADEA. (*See generally*

Pl.'s Orig. Compl.)  On March 27, 2007, the court signed an order dismissing Ollie's Section 1983, breach of contract, and intentional infliction of emotional distress claims with prejudice.  Only Ollie's claims under Title VII and the ADEA remained.

On April 3, 2007, a Report of Mediation was entered into the docket sheet, indicating that the mediation resulted in a settlement of this lawsuit.  One product of the mediation was a hand-written settlement agreement outlining the terms of the agreement.  However, when the parties attempted to finalize the settlement with formal closing documents, they reached an impasse, and the settlement collapsed.  PISD attempted to enforce the hand-written agreement, and Ollie sought to have it set aside as not representing a meeting of the minds between the parties.  Upon consideration of briefing submitted by both parties on the issue of the enforceability of the settlement agreement as well as the arguments of counsel at a hearing on the matter, the court signed an order on June 25, 2007 upholding the agreement as to Ollie's Title VII claim.  The court found, however, that the agreement was unenforceable as to the ADEA claim because it lacked language required by 29 U.S.C. § 626(f)(1)(B) and (C).  Thus, Ollie's ADEA claim is still live, and it is the sole remaining claim stated in Ollie's Original Complaint.

## II.  LEGAL STANDARD

Motions to dismiss under Rule 12(b)(6) are disfavored and are rarely granted.  *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004).  In passing on a Rule 12(b)(6) motion, a court must accept all of the plaintiff's allegations as true.  *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005).  A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly*, __U.S.__, 127 S. Ct. 1955, 1969 (2007).  In other words, a claim may not be dismissed based solely

on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at n.8.   Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 1964-65.   The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level," *Id*. at 1965, and into the "realm of plausible liability."  *Id*. at 1966 n.5.

### III.  DISCUSSION AND ANALYSIS

PISD moves the court to dismiss Ollie's ADEA claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  PISD's Motion is based on two arguments.  The first argument is that Ollie has not pleaded the *prima facie* elements of an ADEA claim, warranting its dismissal. The other argument is that Ollie has asked for categories of damages, each of which is not contemplated by the ADEA.  The argument continues that because none of the relief that Ollie seeks is available  to her, she has not adequately stated a claim for relief.  Both arguments fail.

At the heart of PISD's first argument must be that *Bell Atlantic* overruled *Swierkiewicz v. Sorema, N.A.*, a unanimous 2002 Supreme Court case.  Though PISD spends much time discussing why it believes Ollie has not pled a *prima facie* case under Fifth Circuit authority, it makes only a passing reference to why Ollie's supposed failure would run afoul of *Bell Atlantic*.  PISD claims that because Ollie's complaint lacks "even a formulaic recitation of" the *prima facie* elements, it must be dismissed under Rule 12(b)(6).  (Def.'s Mot. 11 n.6.)  This court's reading of *Bell Atlantic* differs from PISD's.

*Swierkiewicz* squarely addressed the precise issue raised in the instant Motion.  The plaintiff in that case brought claims against his former employer under both Title VII and the ADEA.  534

U.S. 506, 509 (2002).  The Second Circuit Court of Appeals upheld the lower court's 12(b)(6) dismissal of the plaintiff's claims because he did not allege the elements of a *prima facie* case familiar to employment discrimination cases.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  Justice Thomas, writing for a unanimous Court, reversed the Second Circuit's decision, holding that the *prima facie* elements constitute an evidentiary standard, not a pleading burden.  *Swierkiewicz*, 534 U.S. at 510.  Justice Thomas also pointed out that plaintiffs seeking to proceed under a direct evidence theory of proof are not required to make out a *prima facie* case.  *Id*. at 511-12.  Finally, the heightened pleading standard sought by both the *Swierkiewicz* defendant and PISD was deemed to be in opposition to the pleading requirements in the Federal Rules of Civil Procedure.  *Id*. at 512; FED. R. CIV. P. 8(a)(2).  The Court closed by noting that an employment discrimination plaintiff need only give the defendant "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest."  *Swierkiewicz*, 534 U.S. at 514.  Thus, unless *Bell Atlantic* can be seen as overruling *Swierkiewicz*, PISD's first argument fails.

Although *Bell Atlantic* has generated an ample amount of discussion, it is not clear how far, if much at all, it departs from the previously accepted pleading standard.  *See*, *e.g.*, *Iqbal v. Hasty*, 490 F.3d 143, 155-58 (2nd Cir. 2007).  Whatever the merits of that debate, luckily, *Bell Atlantic* is explicit as to its application in the instant context.  *Swierkiewicz*, cited numerous times in the majority opinion, is perfectly viable in the wake of *Bell Atlantic*.  The Court explained that its reversal in *Swierkiewicz* was premised on what was essentially a heightened pleading standard imposed by the Second Circuit.  *Bell Atlantic*, 127 S. Ct. at 1973-74.  The Court reiterated that such a standard was improper, *Id*. at 1973 n.14, citing *Swierkiewicz* for that proposition.  Thus, to the extent that *Bell Atlantic* does change the pleading requirements in the federal courts, that change

does not impose a requirement on employment discrimination plaintiffs to plead facts related to each

of the *prima facie* elements used in the *McDonnell Douglas* framework.   Moreover, the cases have

been universal in the aftermath of *Bell Atlantic* in not requiring that a plaintiff plead *prima facie* facts

in the employment discrimination context.  *See*, *e.g.*, *Lindsay v. Yates*, 498 F.3d 434, 439-40 (6th Cir.

2007); *Rafique* v. *City of Fort Worth*, No. 4:06-CV-645-Y, 2007 WL 2791945, at *5 (N.D. Tex.

Sept. 27, 2007).  It would also be folly to suppose that a unanimous Supreme Court precedent of

such recent vintage has been reduced to a mere artifact in the absence of a clear holding to that effect.

It is therefore immaterial at this stage whether Ollie has pled facts sufficient to make out a *prima*

*facie* case.  Of course, if either party moves for summary judgment, consideration of *prima facie*

evidence will be crucial should Ollie choose to proceed on a circumstantial evidence theory.  *See Bell*

*Atlantic*, 127 S. Ct. at 1983 (opinion of Stevens, J., dissenting).

        PISD next argues that Ollie does not seek any category of damages available to her under the

ADEA, warranting dismissal of her claim thereunder.   Ollie, for example, has prayed for

compensation for pain and suffering, emotional distress, and mental anguish.  While it is well settled

that these types of damages are not recoverable under the ADEA, the court notes that they are simply

residue from Ollie's other claims, which have been dismissed.  *Comm'r v. Schleier*, 515 U.S. 323,

326 (1995).

        The relief available to a plaintiff under the ADEA is enumerated in 29 U.S.C. § 626(b).  That

section states that the ADEA is to be enforced through 29 U.S.C. § 216(b), the remedies provision

of the Fair Labor Standards Act.  Section 216(b) states that those who commit a violation "shall be

liable to the employee or employees affected in the amount of their unpaid minimum wages, or their

unpaid overtime compensation, as the case may be."  Ollie seeks actual damages and a declaratory

judgment.  Ollie's actual damages would presumably consist of any difference in compensation between what she would have received had she continued in her 5th grade lead teaching position and what she receives in the position she currently occupies.  PISD argues that Ollie is still employed as a teacher and thus that she continues to draw the salary contractually guaranteed to her.  PISD's argument is misplaced.  While Ollie still is employed as a teacher, she has alleged that she has been demoted to a less lucrative teaching position as a result of her age.  Thus, even though Ollie continues to receive remuneration from the School District, her claim is that, because of her age, whatever amount she is currently receiving is less than the amount that she would be receiving had PISD not discriminated against her on the basis of her age.  No other measure of damages could fall more squarely within the purview of the ADEA.  *See Julian v. City of Houston*,314 F.3d 721, 728 (5th Cir. 2002).  Ollie has requested relief that is among that available to the court should she prevail on her ADEA claim.  29 U.S.C. §§ 626(b), 616(b) (2006).

## IV.  CONCLUSION

Based on the foregoing, the court concludes that Ollie's complaint has given PISD the type of "fair notice" required by the Supreme Court.  *Swierkiewicz*, 534 U.S. at 514.  Moreover, she has stated her claim in detail sufficient "to raise [her] right to relief above the speculative level" and into the realm of plausibility.  *Bell Atlantic*, 127 S. Ct. at 1965.  Therefore, the court is of the opinion that PISD's Motion should be, and hereby is, DENIED.

IT IS SO ORDERED.

**SIGNED this the 20th day of March, 2008.**

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE