**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| DOROTHY N. OLLIE, § | |
|    Plaintiff, § | |
| § | |
| v. § | Case No. 4:06-cv-069 |
| § | |
| PLANO INDEPENDENT SCHOOL § | |
| DISTRICT, § | |
|    Defendant. § | |

**ORDER ON DEFENDANT'S REQUEST FOR CLARIFICATION**

Before the court are "Plano Independent School District's Request for Clarification of Order Granting, in Part, Request to Enforce Settlement Agreement or, in the Alternative, Request for Reconsideration of Order" (de # 46) and a Response (de # 47) and Reply (de # 48) thereto. At issue is the effect to be given a handwritten settlement agreement reached during mediation of this case. On June 25, 2007, the court signed an order (de # 35) granting Plano Independent School District's ("PISD") request to enforce the settlement agreement as to Dorothy Ollie's Title VII claim. Because necessary statutory language was lacking, the court declined to enforce the settlement agreement as to Ollie's Age Discrimination in Employment Act claim. The order was issued following an evidentiary hearing held on June 25, 2007 regarding the circumstances surrounding the settlement agreement. Both parties and their counsel attended the hearing.

The contract requires "[t]he District to pay to the Plaintiff 20 months compensation payable in (normal payroll period) monthly installments, in full settlement of all claims." PISD argues that this term is an effective buyout of the remainder of her teaching contract because the parties' intent was to allow Ollie to reach full retirement, during which, of course, Ollie would not be under a teaching contract. Ollie argues that the settlement agreement does not supplant her teaching contract.

At the hearing, Ollie and her counsel represented to the court that she sought, by virtue of the agreement, to be able to draw full retirement benefits from the Texas Teachers Retirement System. In order to reap those benefits, she would have to achieve 80 points on that organization's scale. The parties agreed that PISD would place her on administrative leave for 20 months because doing so would allow her to continue to accrue points, and that was the time Ollie estimated that was necessary for her to achieve the 80 points. Counsel for Ollie told the court that the parties understood that the 20-months estimate was just that and that she would do further research to determine exactly how much time was needed.

A contract is to be interpreted to arrive at the "true intent of the parties as expressed in the instrument, and a court may examine the underlying circumstances as an aid in construing the contract's language." *Baylor Health Care Sys. v. Employers Reinsurance Corp.*, 492 F.3d 318, 324 (5th Cir. 2007) (applying Texas law). The court finds that the intent of the parties was for the 20 months time frame to enable Ollie to draw full retirement benefits, and, therefore, the parties intended the terms of the settlement agreement to override and replace her teaching contract.

As the court observed at the June 25 hearing, the fact that Ollie later determined that she needed more than 20 months of administrative leave to reach 80 points on the Texas Teachers Retirement System's scale was a unilateral mistake on her part. Unilateral mistake is not generally a ground for rescinding a contract. *Kendziorski v. Saunders*, 101 S.W.3d 395, 407 (Tex. App.—Austin 2006, no pet.). For a party to have a contract set aside based on unilateral mistake, among the showings that party must make is that enforcement of the contract despite the mistake would be unconscionable. *Id*. Unconscionability is a concept designed to ferret out oppression and unfair surprise, not to reallocate risk in a manner more preferable to a court. *In re FirstMerit Bank*,

52 S.W.3d 749, 757 (Tex. 2001). There is neither an allegation nor evidence of oppression or unfair surprise. Ollie and her counsel signed the agreement, indicating assent to the 20 month period. If their concerns over the accuracy of Ollie's estimate at the time of the mediation were legitimate, the contract would have been drafted to reflect such. Thus, Ollie's mistake is enforceable against her.

The court therefore finds that the settlement agreement, which only settles Ollie's Title VII claim, supercedes Ollie's teaching contract. Ollie's unilateral mistake does not warrant rescission of the settlement agreement. Therefore, the court is of the opinion, that PISD's Motion should be, and hereby is, GRANTED.

IT IS SO ORDERED.

**SIGNED this the 21st day of July, 2008.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE