# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DOROTHY N. OLLIE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:06-cv-069 |
| | § | |
| PLANO INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION & ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the court are the following:

1. Defendant's Motion for Summary Judgment and Brief in Support Thereof (de # 60);

2. Plaintiff's Response to Defendant's Motion for Summary Judgment and Brief in Support (de # 62);

3. Plano Independent School District's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment (de # 65);

4. Affidavit of Dorothy Ollie (de # 75) and Supporting Documents (de # 77);[1] and

5. Plano Independent School District's Supplemental Reply to Plaintiff's Supplemental Response to Defendant's Motion for Summary Judgment (de # 79).

In its Motion, the Defendant seeks summary adjudication of the Plaintiff's claim under the Age Discrimination in Employment Act. Having considered the Motion, the arguments of the parties and the applicable law, the court is of the opinion that the Defendant's Motion should be GRANTED.

---

[1]After the court granted the Plaintiff's motion for withdrawal of counsel, the Plaintiff, acting *pro se*, filed an affidavit in support of her summary judgment response referring to a number of documents, though those documents were not attached to the affidavit. The court requested the Plaintiff to file those documents, and she did, and invited the Defendant to submit a supplemental response, and it did.

# I. BACKGROUND

Dorothy Ollie, the Plaintiff in this civil action, was a fifth grade teacher for the Plano Independent School District ("PISD"), the Defendant. Ollie asserted claims of racial discrimination, hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, violation of her civil rights under 42 U.S.C. § 1983, intentional infliction of emotional distress, age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* and breach of contract. On March 27, 2007, the court signed an order dismissing Ollie's Section 1983, breach of contract, and intentional infliction of emotional distress claims with prejudice. Only Ollie's claims under Title VII and the ADEA remained.

On April 3, 2007, a Report of Mediation was entered into the docket sheet, indicating that a mediation session among the parties had produced a settlement of this lawsuit. The settlement agreement was hastily drafted at the end of the mediation session and signed by the parties and their attorneys. When the parties attempted to finalize the settlement with formal closing documents, they reached an impasse, and the settlement collapsed. PISD attempted to enforce the hand-written agreement, and Ollie sought to have it set aside as unrepresentative of a meeting of the minds. The parties then briefed the issue of the enforceability of the settlement agreement, argued the issue at a hearing on the matter, and the court signed an order on June 25, 2007 upholding the agreement as to Ollie's Title VII claim. The court found, however, that the agreement was unenforceable as to the ADEA claim because it lacked certain language required by 29 U.S.C. § 626(f)(1)(B) and (C). Thus, Ollie's claim under the ADEA, and it alone, remains pending.

Ollie began teaching for PISD in 1998, and has been a teacher for over thirty years. (Pl.'s Orig. Compl. ¶ 2.01.) In July of 2002, Ollie lost her status as the "team leader" of the fifth grade

faculty at Harrington Elementary School in favor of a younger teacher. (Pl.'s Resp. ¶ 1.) She claims that her removal from this position caused her to lose a stipend that went along with the team leader position. (*Id.*) Ollie remained on the Harrington fifth grade faculty. Ollie claims to have been denied the opportunity to engage in certain software training in September of 2002 which caused her to miss out on potential promotions and advancements into education administration. (*Id.* at ¶ 2.) Although Ollie was denied this opportunity, she claims that younger teachers were able to take advantage of the training. Ollie filed grievances with PISD, and each of her grievances were denied, allegedly because of her age. (*Id.* at ¶ 3.) Ollie also claims to have been assigned more "at-risk" students than her fellow fifth grade teachers during the 2003-04 and 2004-05 school years because of her age. (*Id.* at ¶ 5.) She further complains of being solicited by PISD to enroll in an early retirement program. (*Id.*) Finally, Ollie claims to have been subjected to unfairly harsh and unreasonably intense scrutiny in her performance reviews, again, on the basis of her age. (*Id.* at ¶ 6.) On January 20, 2005, Ollie filed a charge against PISD with the Equal Employment Opportunity Commission ("EEOC") and obtained a right-to-sue letter. (Def.'s Mot. ¶ 4.1)

Throughout the course of PISD's allegedly discriminatory actions, and indeed throughout the vast majority of this litigation, Ollie has been employed by PISD as a "teacher." (*Id.* at ¶ 4.4.) In fact, Ollie was under contract with PISD as a teacher through the 2009-2010 school year. (*Id.* at Ex. B. to Aff. of Tamira Griffin.) Ollie makes no allegation that her salary, duties or benefits are less than what a teacher with her experience should make under PISD's compensation plan. (*Id.* at ¶ 4.4.) Instead, Ollie argues that the foregoing acts of PISD were carried out in an effort to force her into early retirement. (Resp. ¶ 6.)

## II. LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *See id*. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See id*. at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co*., 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 323, 325; *Byers v. Dallas Morning News*, *Inc*., 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The nonmovant must adduce affirmative evidence. *See Anderson*, 477 U.S. at 257.

## III. DISCUSSION & ANALYSIS

Ollie's remaining cause of action is under the ADEA, which provides "it shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1) (2006). Specifically, the ADEA is intended to protect employees over forty years of age from discriminatory practices. 29 U.S.C. § 631(a) (2006). Intentional discrimination can be proved through either direct or circumstantial evidence. *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002). "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Id*. at 897.

If the plaintiff presents no direct evidence, he may prevail by demonstrating intentional discrimination through circumstantial evidence under the *McDonnell Douglas* burden-shifting rubric. *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The claimant carries the initial burden of establishing a *prima facie* case of discrimination. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). To establish a *prima facie* case of intentional discrimination, the plaintiff must show that "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Id*. at 309 (quoting *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 576 (5th Cir. 2003)). While the familiar recitation of the elements of the *prima facie* case is couched in terms of discharge, adverse employment actions short of termination may support a meritorious ADEA claim. *See* 29 U.S.C. § 623(a)(1); *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 352 (5th Cir. 2005); *see also Woods v. Sheldon Indep. Sch. Dist.*, 232 Fed.

Appx. 385, 388 n.13 (5th Cir. 2007).  For example, "a discriminatory reassignment with a major change in compensation, duties, and responsibilities would constitute an ultimate employment action" and support a claim under the ADEA.  *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 n.8 (5th Cir. 2004).

If the plaintiff makes out his *prima facie* case, the burden shifts to the employer to present a legitimate, nondiscriminatory justification for making the challenged employment decision.  *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007).  Once the defendant satisfies its burden of production on this point, the burden then shifts back to the plaintiff, who "must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiff's protected characteristic (mixed-motive[s] alternative)." *Id*. at 356 (citing *Rachid*, 376 F.3d at 312).

The court need not address the parties' disagreement over whether Ollie can make out a *prima facie* case of discrimination because she has failed to put forth any justiciable evidence to rebut PISD's nondiscriminatory justification.  *Evans v. City of Houston*, 246 F.3d 344, 350-51 (5th Cir. 2001).  PISD cites complaints regarding Ollie's professionalism from other faculty and parents as its justification for removing Ollie from her team leader position.  Making the assumption that her removal from the team leader position constituted an "ultimate employment decision" under Ollie's required *prima facie* showing, Ollie has not satisfied her evidentiary burden in discrediting PISD's justification for its decision.  *Pegram*, 361 F.3d at 282.

In response to PISD's articulated justification, Ollie makes several unconvincing arguments

that such is mere pretext. First, Ollie argues that she was assigned a greater number of at-risk

students than her counterparts. The court notes that the term "at-risk student" is not defined by either

party. Additionally, Ollie has failed to provide the court with any evidence to substantiate this

argument. The unsworn declaration and supporting exhibits contained in Ollie's Response are

incompetent summary judgment evidence. *DIRECTV Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir.

2005) (citing *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988)). Exhibit N to

docket entry 77 is sworn and does contain a number of documents that purport to show a

disproportionate number of at-risk students in Ollie's classroom, but these documents are rife with

hearsay and unauthenticated handwriting and lack even the most basic indicia of reliability that

would make appropriate their admission at trial. The court, therefore, may not consider them.

*Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir. 1991).

Ollie also points to PISD's offer of an early retirement program as evidence that PISD's true

motivation for removing her from her team leader position was her age. However, the mere adoption

of an early retirement plan does not constitute impermissible discrimination under the ADEA.

*Bodnar v. Synpol, Inc.*, 843 F.2d 190, 192 (5th Cir. 1988). In addition, and perhaps more importantly,

she never elected to participate in the program, retaining her job title as teacher after declining

PISD's offer.

Ollie's conclusory allegation of being subjected to heightened scrutiny in her performance

reviews due to her age is insufficient to create an issue of material fact. *Douglass v. United Servs.

Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Ollie's raising of this issue also appears

to be little more than an invitation "for judicial second-guessing of business decisions," a role not

delegated to this court. *Bryant v. Compass Group USA, Inc.*, 413 F.3d 471, 478 (5th Cir. 2005).

Moreover, each of the three reasons given by Ollie which purport to rebut PISD's legitimate, nondiscriminatory justification for removing her from her team leader position simply do not confront this issue; rather, they constitute separate grievances by Ollie. And none of these three actions, even assuming they were taken by PISD, can fairly be said to be related to "hiring, granting leave, discharging, promoting, and compensating," and, thus, are not actionable under the ADEA. *Pegram*, 361 F.3d at 282.

## IV. CONCLUSION

Based on the foregoing, the court finds that Ollie is unable to create a genuine issue of material fact as to whether PISD's stated justification for removing her from her team leader position is pretext. The court also finds that Ollie is unable to create a genuine issue of material fact as to whether her age played a role in PISD's decision. Accordingly, Ollie's claim can not survive the *McDonnell Douglas* burden-shifting framework. As such, the court is of the opinion that the Defendant's Motion for Summary Judgment (de # 60) should be, and hereby is, GRANTED. Any additional motions that remain pending before the court should be, and hereby are, DENIED AS MOOT.

IT IS SO ORDERED.

**SIGNED this the 19th day of September, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE